UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
STACY BERKOWITZ

                Plaintiff,

   -against-

CCS CREDIT COLLECTION
SERVICES

                Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 2:19-cv-1421-FB-SIL

*Appearances:*
*For the Plaintiff*:
JITESH DUDANI
Barshay Sanders, PLLC
100 Garden City Plaza
Suite 500
Garden City, NY 11530

*For the Proposed Intervenor*:
LORI JEAN QUINN
Gordon & Rees LLP
1 Battery Park Plaza
28th Floor
New York, NY 10004

**BLOCK, Senior District Judge:**

      Plaintiff Stacy Berkowitz received a debt collection letter, dated March 8, 2018, from "Credit Collection Services." The letterhead designates the address for that entity as 725 Canton Street, Norwood, MA 02062 (the "Norwood Address"). On March 12, 2019, Berkowitz commenced this action against defendant CCS Credit Collection Services ("CCS") alleging that on March 15, 2018, CCS was advised that Berkowitz was represented by counsel; that she should not be contacted directly; and that all correspondence must be sent to her attorney. Berkowitz alleges that CCS

1

violated the Fair Debt Collection Practices Act ("FDCPA") because it contacted her directly in August 2018 in violation of 15 U.S.C. § 1692c(a)(2).

**I.**

Although the complaint and the proposed summons attached to the complaint refer to CCS, the Civil Cover Sheet designates Credit Control Services, Inc. d/b/a Credit Collection Services ("Credit Control") as the defendant in this case. The summons designates CCS's address as 2 Wells Avenue, Newton, Massachusetts 02459 (the "Newton Address"). The proof of service indicates that the summons for CCS was served upon Fred Monia, Corporate Service Agent, who is designated by law to accept service of process on behalf of CT Corporation System ("CT"), Registered Agent, on March 22, 2019. On that same date, CT sent Berkowitz's counsel a letter indicating that CCS is not listed on its records or on the records of the State of Massachusetts, so it was unable to forward the summons and complaint to CCS. Nonetheless, Berkowitz proceeded to seek a default against CCS pursuant to Fed. R. Civ. P. 55.

On June 13, 2019, upon Berkowitz's application, the Clerk of the Court entered CCS's default pursuant to Fed. R. Civ. P. 55(a). On June 14, 2019, Berkowitz moved for the entry of a default judgment against CCS pursuant to Fed. R. Civ. P. 55(b)(2). Although the notice of motion, memorandum of law and proposed judgment refer only to CCS, the certificate of service indicates that the motion was served upon

Credit Control, but at the Newton Address. The proposed judgment was signed, and a default judgment entered against CCS, on September 9, 2019.

Credit Control contends that it contacted Berkowitz's counsel on December 12, 2019, after its bank account was subject to an attachment, and advised that Credit Control had never been served with process and had no prior notice of this action. Credit Control demanded that Berkowitz's counsel lift the bank levy and voluntarily vacate the default judgment against CCS. Although Berkowitz's counsel requested that the bank levy be lifted, he refused to voluntarily vacate the default judgment unless Credit Control stipulated to allowing Berkowitz to serve and file an amended complaint substituting Credit Control as the proper defendant. Credit Control refused to enter into the stipulation and demanded that Berkowitz reimburse it for the $125.00 non-refundable fee its financial institution charged it as a result of the bank levy and voluntarily dismiss this action.

Berkowitz moves to vacate the default and default judgment against CCS pursuant to Fed. R. Civ. P. 55(c) and/or 60(b), for leave to file an amended complaint to substitute Credit Control as the defendant in this case pursuant to Fed. R. Civ. P. 15(c)(1)(C) and for an extension of time to serve the amended complaint upon Credit Control. Credit Control seeks to intervene in this action, to vacate the default judgment and to dismiss this case, as well as for an order directing Berkowitz to reimburse it for the non-refundable $125.00 fee its financial institution assessed upon it as a result of Berkowitz's attachment of its bank accounts and its attorney's fees and

costs. In addition, Credit Control requests that sanctions be imposed upon Berkowitz for her counsel's conduct in issuing an Information Subpoena and Restraining Notice which identifies CCS as the defendant in this case and the judgment debtor, but seeks to restrain the assets and accounts of Credit Control. For the reasons below, Berkowitz's motion is granted, the branches of Credit Control's motions seeking to intervene in this action and to vacate the default judgment are granted, and Credit Control's motions are otherwise denied.

## II.

### A. Vacating a Default and Default Judgment

Berkowitz contends that on December 18, 2019, Lori J. Quinn, Esq., counsel for Credit Control, contacted her attorney and advised (a) that Credit Control has never held itself out as "CCS Credit Collection Services;" (b) that Credit Control has not been located at the Newton Address since 2015, but instead has been located at the Norwood Address; and (c) that Credit Control did not learn of this lawsuit until after the default judgment was entered and execution thereon was granted. According to Berkowitz, the summons and complaint were never returned as undeliverable and, in any event, she offered to stipulate to vacate the default and default judgment in exchange for Credit Control's agreement to provide her with twenty (20) days to serve and file an amended complaint, but Credit Control rejected that offer.

The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b). Fed. R. Civ. P. 55(c). "[I]n ruling on a

motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). Since all parties seek to vacate the default and default judgment against CCS, the branches of their motions seeking such relief are granted and the default and default judgment are vacated.

**B.     Amending the Complaint**

Berkowitz contends, *inter alia*, that she should be granted leave to amend the complaint to substitute Credit Control as the proper defendant because such amendment would relate back to the date of the original complaint under Fed. R. Civ. P. 15(c)(1)(C).

Credit Control contends that Berkowitz's request for leave to amend the complaint should be denied because her motion papers were never served upon it; Berkowitz's counsel knew from prior litigation that this action was brought against a misnamed corporate entity and that the address upon which process and papers were served had not been used by Credit Control for several years; and, in essence, that amendment would be futile because there is no merit to Berkowitz's FDCPA claim. As purported evidence that Berkowitz's attorneys knew that this litigation and the default judgment were brought against a misnamed corporate entity and that the Newton Address had not been used by Credit Control for several years, Credit Control references: (1) a letter, dated December 7, 2018, that was filed in a prior case before the Honorable William F. Kuntz, II, *Gutierrez v. CCS Credit Coll. Servs.*, No. 1:18-cv-

1726, which requested leave for non-party "Credit Collection Services d/b/a Credit Control Services" to intervene in the case in order to participate in a hearing on the plaintiff's motion for a default, and the attachments thereto; and (2) an Order of Judge Kuntz in that case vacating the Clerk's Entry of Default against CCS, denying the plaintiff's motion for a default judgment and directing the plaintiff to effectuate service upon "Credit Collection Services (d/b/a Credit Control Services)" by a certain date. (DE [16-1].) However, the entity to which those documents refer is "Credit Collection Services d/b/a Credit Control Services," whereas the entity which seeks to intervene in this action is "Credit Control Services, Inc. d/b/a Credit Collection Services." Given the similarity of the various corporate names for which CT is the registered agent, (*see* DE [15-1] at 5), it cannot be said as a matter of law that Berkowitz's counsel knew or should have known that Credit Control was the proper defendant in this action. In any event, as set forth below, what Berkowitz or her counsel knew or should have known is irrelevant in determining whether any amendment to the complaint would relate back to the original complaint.

"Under the Federal Rules of Civil Procedure, an amendment to a pleading relates back to the date of the original pleading when:

> '(A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.' "

*Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 547, 130 S. Ct. 2485, 177 L.Ed.2d 48 (2010) (quoting Fed. R. Civ. P. 15(c)(1)(C)). There is no dispute in this case that Rule 15(c)(1)(B) is satisfied; nor is there any dispute that the original complaint was filed within the limitations period.

Credit Control's emphasis on Berkowitz's knowledge about the proper party which should be named as a defendant in this case is misplaced because "Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint." *Id.* at 548 (emphasis omitted). Since the summons and complaint was served upon the registered agent of Credit Control during the Rule 4(m) period, Credit Control knew or should have known during that period that "the action would have been brought against it, but for a mistake concerning the proper party's identity," Fed. R. Civ. P. 15(c)(1)(C), and will not be prejudiced in defending this case on the merits.

7

Moreover, in determining whether the plaintiff made a mistake regarding the proper party's identity, "it would be error to conflate knowledge of a party's existence with the absence of mistake." *Krupski*, 560 U.S. at 548, 130 S. Ct. 2485. "The reasonableness of the mistake is not itself at issue." *Id.* Since there is at least some evidence in the record suggesting that Credit Control was an intended party, *e.g.*, the Civil Cover Sheet filed with the original complaint designates Credit Control as the defendant and the certificate of service of the default judgment motion identifies Credit Control as the entity upon which those papers were served, it is reasonable to conclude that the failure to name Credit Control in the original complaint was the result of a mistake.

Furthermore, Fed. R. Civ. P. 15(c)(1)(C) "mandates relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion." *Krupski*, 560 U.S. at 553, 130 S. Ct. 2485. Accordingly, the branch of Berkowitz's motion seeking leave to amend the complaint to substitute Credit Control as the proper defendant is granted and Berkowitz is directed to effectuate service of the summons and complaint upon Credit Control Services, Inc. d/b/a Credit Collection Services, by no later than twenty-one (21) days from the date of this Order.

As the proper party to this action, the branch of Credit Control's motion seeking leave to intervene is granted. *See* Fed. R. Civ. P. 21.

**C.**  **Reimbursement of Fees and Sanctions**

Credit Control's requests for reimbursement of fees and sanctions are denied. "The standard for imposing [Rule 11] sanctions is objective unreasonableness." *Martin v. Giordano*, 185 F. Supp. 3d 339, 353-54 (E.D.N.Y. 2016) (citing *Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir. 2000)). Because the Court previously found Berkowitz's mistake regarding the Defendant's identity reasonable, it declines to impose sanctions at this time. *See supra* at 6 ("It cannot be said as a matter of law that Berkowitz's counsel knew or should have known that Credit Control was the proper defendant in this action").

## CONCLUSION

Berkowitz's motion to vacate the default and default judgment against CCS, and for leave to amend the complaint and to effect service thereof, is **GRANTED**. The branches of Credit Control's motions for leave to intervene in this action and to vacate the default judgment against CCS are **GRANTED**, and Credit Control's motions are otherwise **DENIED**.

**SO ORDERED.**

  /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 30, 2021